### MASONITE CORPORATION v. FLY, Collector of Internal Revenue.

#### No. 13086.

United States Court of Appeals Fifth Circuit.

June 14, 1950.

their establishment, and defeat recovery of the tax alleged to have been illegally exacted. The Court therefore erred in sustaining the motion to dismiss the complaint. The facts of the case should have been developed by evidence or stipulation, and proper findings of fact and conclusions of law entered thereon. The judgment is reversed and the cause remanded in order that this may be done.

Judgment Reversed.

**FREDLEYS, Inc. v. NELLIS.**

**No. 4482.**

United States Court of Appeals
First Circuit.

June 16, 1950.

C. Denton Gibbes, Jr., Ellis B. Cooper, Laurel, Miss., for appellant.

Howard P. Locke, Ellis N. Slack, R. N. Anderson, Maryhelen Wigle, Sp. Assts. to Atty. General, Theron Lamar Caudle, Asst. Atty. Gen., Joseph E. Brown, U. S. Atty. Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

PER CURIAM.

The existence of tax liability under the provisions of Section 3475 of the Internal Revenue Code, 26 U.S.C.A. § 3475, levying a tax on the transportation of property, depends upon whether the transaction in question in any case is "transportation" within the terms of the statute. This is generally a question of fact to be determined in the light of the applicable statute and regulations, and only in the clearest case should be determined upon the pleadings alone. The allegations of the complaint in the present case do not establish liability to the transportation tax as a matter of law. The defendant can not admit each of the allegations of the complaint, together with any reasonable inference flowing from